# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| LUSCIOUS SEAFOOD LLC; <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; <br><br> Defendant. | Court No. 24-00069 |

## COMPLAINT

Plaintiff Luscious Seafood LLC ("Luscious" or "Plaintiff"), by and through its undersigned counsel, Doyle, Barlow & Mazard PLLC, alleges and states the following:

### ADMINISTRATIVE DECISION TO BE REVIEWED

1. This Complaint is brought by Plaintiff to contest certain aspects of the final administrative review results issued by the International Trade Administration ("ITA") of the United States Department of Commerce ("Commerce" or "Defendant") in *Certain Frozen Fish Fillets from the Socialist Republic of Vietnam: Final Results and Partial Rescission of Administrative Review; 2021–2022*, 89 Fed. Reg. 18,595 (Dep't of Commerce Mar. 14, 2024) *("Final Determination")* and accompanying Issues and Dec. Mem. (*"Final Results"*).

2. In the challenged *Final Results*, Commerce found that Luscious did not qualify as a *bona fide* wholesaler of domestic like product during the period of review ("POR").

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) and Sections 516A(a)(2)(A)(ii) and 516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended, codified as 19 U.S.C. §§ 1516a(a)(2)(A)(ii) and 1516a(a)(2)(B)(i). Plaintiff contests the Department's *Final Results* specifically as applied to Plaintiff.

## STANDING

4. Plaintiff is a wholesaler of domestic like product of the subject merchandise that was the subject of the underlying review. Plaintiff participated in the underlying ITA administrative review proceeding. Plaintiff, therefore, is an "interested party" within the meaning of Section 771(9)(C) of the Act, as amended, 19 U.S.C. § 1677(9)(C), and has standing to commence this action pursuant to 28 U.S.C § 2631(c) and 19 U.S.C § 1516a(d).

## TIMELINESS OF THIS ACTION

5. Plaintiff commenced this action by filing a summons on April 1, 2024, which was within thirty days of publication of the *Final Determination* in the Federal Register. 19 U.S C. § 1516a(a)(2)(A)(i)(II); *see Final Determination*, 89 Fed. Reg. 18,595, Summons (April 1, 2024) ECF No. 1.

6. Pursuant to 28 U.S.C. § 2636(c), a complaint in a civil action brought under 28 U.S.C. § 1581(c) must be filed in accordance with Rule 3(a)(2) of the Rules of the U.S. Court of International Trade, requiring that a complaint be filed within thirty days of the summons. This complaint, therefore, is filed timely pursuant to Section 516A(a)(2)(A) and Rule 3(a)(2).

## STANDARD OF REVIEW

7. This Court reviews final determinations issued by Commerce pursuant to 19 U.S.C. 1675(a) to determine whether they are "unsupported by substantial evidence on the record or otherwise not in accordance with law." 19 U.S.C. 1516a(b)(1)(B)(i).

## STATEMENT OF THE CLAIMS

Plaintiff challenges the *Final Results* of the administrative review for the following reasons:

### COUNT ONE

8. Paragraphs 1 through 7 are adopted and incorporated, herein, by reference.

9. The Commerce Department determined that Luscious did not qualify as a *bona fide* wholesaler of domestic like product during the POR, and treated Luscious' request for administrative review as invalid. "We continue to find that Luscious Seafoods did not qualify as a *bona fide* wholesaler of domestic like product during the POR and, thus, Luscious Seafood does not have standing to request a review as a domestic interested party." *Final Results* at 7.

10. This decision ignored or misinterpreted substantial evidence on the record regarding Luscious' business practices, history, the nature of its sales, and its operating process. Commerce's reliance on Luscious' limited history, sources of funding, and affiliated transactions as grounds for denying Luscious wholesaler status are unsupported by substantial evidence and otherwise not in accordance with law.

11. Moreover, Commerce has not previously created any "limited history," "sources of funding," or "affiliated transaction" standard in prior proceedings. Therefore, Commerce's rejection of Luscious' standing to request a review as a domestic interested party on these arbitrary standards is flawed significantly.

\*\*\*

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, and as challenged herein, Plaintiff respectfully requests that this Court:

1) hold that Commerce's *Final Results* were unsupported by substantial evidence and otherwise not in accordance with law with respect to the claims advanced by Plaintiff in this Complaint; and

b) remand the *Final Results* of the administrative review to the Commerce Department with instructions to correct the errors set forth in this Complaint by reviewing all parties that had reviewable entries and were named in the request for review filed by Luscious; and

c) provide such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Camelia C. Mazard
Camelia C. Mazard
Andre P. Barlow

*Counsel to Luscious Seafood LLC*
Doyle, Barlow & Mazard PLLC
1825 K St. NW, Suite 950
Washington, DC 20006

Dated: May 1, 2024