**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN**

LUSCIOUS SEAFOOD LLC;

Plaintiff,

v.

UNITED STATES OF AMERICA;

Defendant,

and

NTSF SEAFOODS JOINT STOCK COMPANY; BIEN DONG SEAFOOD COMPANY LTD; CATFISH FARMERS OF AMERICA; AMERICA'S CATCH, INC.; ALABAMA CATFISH, LLC; CONSOLIDATED CATFISH COMPANIES, LLC; DELTA PRIDE CATFISH, INC.; GUIDRY'S CATFISH, INC.; HEARTLAND CATFISH COMPANY; MAGNOLIA PROCESSING INC.; SIMMONS FARM RAISED CATFISH, INC.

Defendant-Intervenors.

**Court No. 24-00069**

**PUBLIC VERSION**
Business Proprietary Information deleted within Brackets [ ] on Pages 2-3, 7 and 9

**REPLY BY PLAINTIFF LUSCIOUS SEAFOOD LLC'S TO THE RESPONSES BY THE UNITED STATES AND DEFENDANT-INTEREVENORS' IN OPPOSITION TO PLAIINTIFF'S MOTION FOR JUDGMENT ON THE AGENCY RECORD**

Respectfully Submitted,

/s/ Camelia C. Mazard
Camelia C. Mazard
Andre P. Barlow

*Counsel to Luscious Seafood LLC*
Doyle, Barlow & Mazard PLLC
1825 K St. NW, Suite 950
Washington, DC 20006

Dated: February 13, 2025

# TABLE OF AUTHORITIES

## STATUTES

19 U.S.C. § 1677(9)(A) .......... 8
19 U.S.C. § 1677(9)(C) .......... 2, 5

## REGULATIONS

19 C.F.R. § 351.102(b)(29)(ii) .......... 8

## CASES

*Brother Indus. (USA), Inc. v. United States*
801 F. Supp. 751, 757 (1992) .......... 5-7
*Citrosuco Paulista, S.A. v. United States*
704 F. Supp. 1075, 1084 (1988) .......... 7
*Jiaxing Brother Fastener Co. v. United States*
822 F.3d 1289, 1299 (Fed. Cir. 2016) .......... 2
*Loper Bright Enterprises, et al., Petitioners, v. Gina Raimondo, Secretary of Commerce, et al.*
144 S.Ct. 2244 (2024) .......... 8-9
*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*
463 U.S. 29, 43 (1983) .......... 4
*Qingdao Sea-Line Trading Co. v. United States*
766 F.3d 1378, 1387 (Fed. Cir. 2014) .......... 2
*SKF USA Inc. v. United States*
263 F.3d 1369, 1382 (Fed. Cir. 2001) .......... 4

## ADMINSTRATIVE DECISIONS

*Certain Activated Carbon from the People's Republic of China*
78 Fed. Reg. 70,533 (Nov. 26, 2013) .......... 4

## OTHER AUTHORITIES

Omnibus Tariff Act of 1984, H.R. Rep. 98-1156 (1984) .......... 5
Trade Agreements Act of 1979, S. Rep. No. 96-249 (1979) .......... 5
Trade Remedies Reform Act of 1984, H.R. Rep. 98-725 (1984) .......... 5

## TABLE OF CONTENTS

I. **INTRODUCTION** .......... 1
II. **SUMMARY OF ARGUMENT** .......... 1
III. **ARGUMENTS** .......... 2
  A. Substantial Record Evidence Demonstrated Luscious Had Standing .......... 2
  B. The Determination Under Review Was Arbitrary and Not in Accordance with the Law .......... 5
IV. **CONCLUSION** .......... 9

## I. INTRODUCTION

Plaintiff Luscious Seafood LLC ("Luscious" or "Plaintiff") hereby submits its reply to the Responses filed by Defendant and Defendant-Intervenors. The Defendant filed its Confidential Response on December 13, 2024 in Opposition to the Motion for Judgment on the Agency Record submitted by Plaintiff. *See* Def. Resp. to P.'s Motion for J. on the Agency R. (Dec. 13, 2024), ECF No. 35 ("Def. Br."). Defendant-Intervenors Catfish Farmers of America, *et al.* ("Petitioners") filed a Confidential Response on January 17, 2025. *See* Resp. Brief of Def-Intervenors' Catfish Farmers of America, *et al.* (Jan. 17, 2025), ECF No. 37 ("Def-Interv. Br."). Defendant-Intervenors Bien Dong Seafood Company Ltd, *et al.*, filed a Public Response as well on January 17, 2025. *See* Resp. of Bien Dong Seafood Company Limited and NTSF Seafoods Joint Stock Company in Opposition to Pl. Rule 56.2 Motion for J. on the Agency R. (Jan. 17, 2025), ECF No. 39.

## II. SUMMARY OF ARGUMENT

The United States Department of Commerce ("Commerce") did not make a reasoned and reasonable decision to deny Luscious's wholesaler standing. Commerce's determination that Luscious did not have standing to request a review as a *bona fide* wholesaler was not supported by substantial evidence on the record nor was it in accordance with the law. Commerce's arbitrary analysis failed to demonstrate that Luscious was not a wholesaler of the domestic like product. To the contrary, substantial evidence on the record supplied by Luscious supported its position that it qualified as a *bona fide* wholesaler of domestic like product in the nineteenth administrative review of Certain Frozen Fish Fillets from the Socialist Republic of Vietnam. Commerce unlawfully considered various arbitrary factors in analyzing Luscious' status as a domestic interested party that are found nowhere in the relevant statute. Commerce also applied

standards to Luscious that it did not apply to other parties who were afforded domestic interested party status.

## III. ARGUMENTS

### A. Substantial Record Evidence Demonstrated Luscious Had Standing

First, Defendant argues in its response that it previously analyzed QMC Foods Inc. ("QMC") wholesaling operations and determined that it was a *bona fide* wholesaler with standing to request an administrative review *in a prior proceeding*, finding that it first had standing to request a review during the 2018-2019 period of review ("POR"). (Def. Br. at 33) (emphasis in original). The administrative review at issue in this appeal, however, covered the 2021-2022 POR (from August 1, 2021, through July 31, 2022).

As Defendant noted in its response, each "administrative review is a separate exercise of Commerce's authority that allows for different conclusions based on different facts in the record." (Def. Br. at 33). *Jiaxing Brother Fastener Co. v. United States*, 822 F.3d 1289, 1299 (Fed. Cir. 2016) (citing *Qingdao Sea-Line Trading Co. v. United States*, 766 F.3d 1378, 1387 (Fed. Cir. 2014)). So, to have standing to take actions as a domestic interested party, QMC had to establish under 19 U.S.C. § 1677(9)(C), that it was a "manufacturer, producer or wholesaler" of the relevant proceeding's domestic like product.

Defendant knows that these rights are not-grandfathered in but must be established on the administrative record of each proceeding, *i.e., each administrative review*. Only such firms qualify as members of the proceeding's domestic industry.

In this relevant underlying proceeding, QMC [

]. *See Letter from*

*Crowell & Moring LLP Re: Administrative Review of AD Order on Certain Frozen Fish Fillets from the Socialist Republic of Vietnam (08/01/21-7/31/22): QMC Response to Wholesaler Standing Questionnaire* (Oct. 26, 2022) at 12 and Ex. 3.A. Appx80052-Appx80130 (confidential record); Appx1101-Appx1127 (public version). By comparison, Luscious' purchase and resale [ ]. *See, e.g.*, Luscious's 1/3 Supp. Wholesaler QR at 6. Appx80135-Appx80176 (confidential record); Appx1067-Appx1090 (public version).

When measured against another wholesaler that Commerce determined as a "domestic interested party", Luscious' transaction also should have represented *bona fide* commercial business activity. But when compared to QMC, who was found to be a *bona fide* wholesaler during the relevant underlying proceeding, Commerce chose to apply a different standard for Luscious, with higher hurdles than it did for QMC.

Commerce also applied factors that are not in the statute - including whether Luscious had a "limited history" of business activity, whether Luscious adequately could document its sources of funding, whether Luscious engaged in transactions with affiliated parties, and whether Luscious [ ]. *See* Commerce Standing Memo at 3-4. Appx80177-Appx80181 (confidential record); Appx1096-Appx1100 (public version). As Luscious noted in its case brief in the administrative proceeding, Commerce referred to the North American Industry Classification System ("NAICS") definition of wholesale trade – a definition that Luscious's activities clearly met. *See* Luscious Case Brief at 9-10. Appx80182-Appx80200 (confidential record); Appx1156-Appx1174 (public version). Also, Commerce explicitly noted that "section 771(9) (C) of the Act does not impose a minimum requirement of domestic activity for purposes

of standing"; that Commerce "has not set a threshold amount of domestic activity to be considered a domestic interested party"; and that there are no "stringent bona fide requirements for a party claiming to be a domestic interested party." *See, id.*, at 11, citing *Certain Activated Carbon from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2011-2012*, 78 Fed. Reg. 70,533 (Nov. 26, 2013) and accompanying Issues and Decision Memorandum at Comm. 1.

It is well-established that an agency action is arbitrary when the agency offers insufficient reasons for treating similar situations differently. *SKF USA Inc. v. United States*, 263 F.3d 1369, 1382 (Fed. Cir. 2001) (quotation marks and citation omitted) (hereinafter "*SKF USA*"). An agency "must cogently explain why it has exercised its discretion in a given manner." *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (citations omitted).

However, contrary to the standard set by this Court in *SKF USA*, Commerce never offered a sufficient reason for treating these similar situations differently. Luscious understands that Commerce requires some proof of eligibility for interested parties that is reasonable -- but the agency cannot treat similar parties differently.

Luscious provided commercial documents and supporting bank statements showing that its transactions, including the purchase and resale of the domestic like product, were legitimate and consistent with normal business activity. None of the additional concerns relating to Luscious's operations raised by other parties justified denying Luscious's standing as a wholesaler.

Domestic interested party status should not be treated as membership in an exclusive club, open only to those parties who were afforded such status in prior segments of a proceeding.

It also should not be granted or denied based on arbitrary standards – particularly standards that are not applied equally to all parties.

**B. The Determination Under Review Was Arbitrary and Not in Accordance with the Law**

Second, Petitioners spend considerable time in their response brief arguing that Commerce's treatment of Luscious effectuated Congress's intent. (Def.-Interv. Br. at 5-7; *see also* 2 and 4). Initially, Petitioners assert that it was "Congress's intention that Commerce not expend its limited resources in reviewing shipments in which no party with appropriate standing has expressed an interest". (Def.-Interv. Br. at 2). Then, Petitioners cite to both the legislative history of the statutes and to *Brother Industries* to support their assertion that it is the only way Commerce can advance the statutory goal of preventing the waste of party resources based on requests filed by "persons with no stake in the result" of the agency's proceedings. (Def.-Interv. Br. at 6). *See, e.g.,* Omnibus Tariff Act of 1984, H.R. Rep. 98-1156 (1984) at 181; Trade Remedies Reform Act of 1984, H.R. Rep. 98-725 (1984) at 22-23 *Brother Indus. (USA), Inc. v. United States*, 801 F. Supp. 751, 757 (1992) (Ct. Int'l Trade) (discussing requirements for filing an antidumping duty petition) (citing S. Rep. No. 96-249, 96th Cong., 1st Sess. 63 (1979), *reprinted in* 1979 U.S.C. § C.A.N. 381, 449).

To have standing to file a petition, a party must be a "manufacturer, producer, or wholesaler." 19 U.S.C. § 1677(9)(C) (1988). Petitioners and Defendant both agree with Luscious that "wholesaler" is not defined in statute. (Def.-Interv. Br. at 5; Def. Br. at 15). Defendant also agrees that the statute is silent as to any minimum level of commercial activity required to qualify as an interested party, and Commerce confirms its practice is to not enforce such a threshold. (Def. Br. at 15).

Yet, Defendant argues that Commerce interprets the term wholesaler to require *bona fide* wholesaling operations to qualify as an interested party. (Def. Br. at 16). Without any support, Defendant argues that neither the statute nor regulations foreclose a *bona fide* analysis for the purpose of analyzing wholesaler standing. *Id.* However, the statute cannot support an arbitrary analysis of *bona fide* wholesaling operations to determine whether a wholesaler like Luscious has standing.

That said, the U.S. Court of International Trade ("CIT") long ago observed that the statute's legislative history first "states that the 'standing requirements {should} be administered to provide an opportunity for relief for an **adversely affected** industry', and then "to prohibit petitions filed by persons with no stake in the result of the investigation.'" *Brother Industries*, 801 F. Supp. at 757 (emphasis added). The CIT concluded then that: "The language in the legislative history is broad and unqualified. It contrasts industries suffering *adverse effect* with those having *no stake:* the former have standing; the latter do not." *Brother Industries*, 801 F. Supp. at 757 (emphasis in the original).

In *Brother Industries*, this Court reversed Commerce's determination that Brother Industries USA ("BIUSA") was not a domestic producer of portable electric typewriters ("PETs"). Instead, the case was remanded for Commerce to consider whether BIUSA filed the petition against PET imports from Singapore "on behalf of" the domestic industry, and if so, to proceed with an investigation under the antidumping laws. *Brother Industries*, 801 F. Supp. at 759.

As noted by Petitioners, the cited legislative history by Petitioners addresses the standing of a firm to file an antidumping duty or countervailing duty petition. However, the language in

*Brother Industries* is applicable equally to the standing of a firm like Luscious, which sought to participate as a "domestic interested party" in a post-investigation segment of a proceeding.

To be recognized as a domestic interested party in the underlying review, Luscious only needed to establish that it had or could "suffer {} adverse effects" from unfairly-traded from frozen fish fillets Vietnam and as a result was at risk, and thus had a "stake" in the Vietnamese Frozen Fish Fillets Order. *Brother Industries* clearly and precisely illuminates Luscious' position here.

Luscious requested a review of unfairly traded imports in the first place because it suffered "adverse effects" like its inability to [ ] and thus was at risk. However, the Department considered Luscious' [ ] as factors that weighed against finding that Luscious' business activity established it had a "stake" in the administration of the AD duty order.

The legislative history of the statute also calls for a liberal construction of the standing requirements. *See Citrosuco Paulista, S.A. v. United States*, 704 F. Supp. 1075, 1084 (1988) (Ct. Int'l Trade). Hence, the Department should not have applied higher standards to a *domestic* wholesaler interested party such as Luscious than it did in the context of analyzing data from other interested parties, such as a *respondent* importer in this very administrative review.

As Luscious explained in the underlying proceeding, an importer, for example, typically must provide only a <u>single document</u> to show that it engaged in the importation of subject merchandise during a POR. *See* Luscious Case Brief at 8-9. Appx80182-Appx80200 (confidential record); Appx1156-Appx1174 (public version). For example, Coast Beacon Company, another interested party in the underlying administrative proceeding, submitted one

single entry summary form 7501 as evidence that Coast Beacon Company is an importer of subject merchandise and is therefore an "interested party" in this proceeding as defined in 19 U.S.C. section 1677(9)(A) and 19 C.F.R. § 351.102(b)(29)(ii). *See Letter from Morris Manning & Martin LLP Re: Certain Frozen Fish Fillets from the Socialist Republic of Vietnam, Case No. A-552-801: Form 7501 Accompanying EOA and APO Application* (Dec. 14, 2022). Appx81662-Appx81668 (confidential record); Appx2412-Appx2417 (public version).

Coast Beacon Company was not subject to further scrutiny as to the source of its funding, the length of time it was in operation, or the number of transactions undertaken during the 2021-2022 POR. Instead, after meeting the requirement to provide evidence that it acted as an importer during the 2021-2022 POR, the company was afforded "interested party" status. *Id.* Appx81662-Appx81668 (confidential record); Appx2412-Appx2417 (public version).

Additionally, other participants in the underlying administrative proceeding – *i.e.*, the petitioning domestic industry Coalition – were not required to provide any evidence of their eligibility to be considered domestic interested parties. Neither of these other classes of interested parties were subject to such "eligibility tests" based on their time in business, sources of funding for transactions, number of transactions with affiliated parties, profitability, or number of transactions. Luscious was the subject of arbitrary scrutiny that was not directed toward other interested parties in this proceeding and that is not undertaken normally by Commerce in the context of administrative reviews.

Moreover, Defendant agrees that *Loper Bright* overruled *Chevron*. (Def. Br. at 22). *Loper Bright Enterprises, et al., Petitioners, v. Gina Raimondo, Secretary of Commerce, et al.*, 144 S.Ct. 2244 (2024) ("*Loper Bright*"). In *Loper Bright*, the Supreme Court held that courts

must exercise their independent judgment in deciding whether an agency acted within its statutory authority.

Here, the statute is clear that a wholesaler is an interested party, and there were no grounds for Commerce's over-reach in interpreting the statute and applying higher hurdles to Luscious. While Luscious understands that Commerce needed some proof of eligibility to determine that it was an interested party, the standard should not have been the "high hurdle" applied to Luscious. Again, Luscious showed significant, *bona fide* business activities that included quantities and values of sales that significantly were [ ] wholesaler status.

## IV. CONCLUSION

For the reasons stated above, we respectfully request that this Court hold unlawful Commerce's Final Results and remand this action to Commerce for redetermination with instructions to find that Luscious was a domestic wholesaler interested party in the nineteenth administrative review with standing to request a review—and that Commerce should not have rescinded its review regarding any companies named in Luscious's review request that made reviewable entries during the 2021-2022 POR.

**Word Count Certificate of Compliance**

This brief has been prepared in a proportionally spaced type face using Microsoft Word 2016 in Times New Roman, 12-point font.

In accordance with this Court's Scheduling Order and the Chambers Procedures of the United States Court of International Trade, the undersigned certifies that this brief complies with the word limitations set forth therein. Specifically, excluding those exempted portions of the brief, as set forth in 2 B (1) of the Chambers Procedures, I hereby certify that this brief contains 2,615 words. This certified word count is based on the word count feature in the word processing system (Microsoft Word) used to prepare this brief.

/s/ Camelia C. Mazard
Camelia C. Mazard
Andre P. Barlow

*Counsel to Luscious Seafood LLC*
Doyle, Barlow & Mazard PLLC
1825 K St. NW, Suite 950
Washington, DC 20006

Dated: February 13, 2025